UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENZELL FARISH, #845467,

    Plaintiff,

v.

CONNIE HORTON, et al.,

    Defendants.
_____/

Case No. 2:21-cv-2

Hon. Janet T. Neff
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This Report and Recommendation (R&R) addresses Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 28.)

Plaintiff in this case — state prisoner Denzell Farish — initiated this suit pursuant to 42 U.S.C. § 1983 on January 8, 2021. In his unverified complaint, Farish alleged that while confined at Chippewa Correctional Facility (URF) in Kincheloe, Michigan, Defendant Corrections Officers (COs) Ware, Weems, and Mills utilized excessive force against him while Registered Nurse (RN) Stranaly stood by and watched. He also alleged that subsequent requests for psychological and healthcare assistance were rejected. Farish has also named Warden Horton and Sergeant (Sgt.) Jeffries as additional Defendants.

In its April 15, 2021 Opinion (ECF No. 10) and Order (ECF No. 11), this Court dismissed Warden Horton, Sgt. Jeffries, and RN Stranaly from the case, leaving Farish's excessive force claims against COs Ware, Weems, and Mills as the only remaining claims.

Defendants now argue, and Farish concedes, that Farish did not pursue any relevant grievances through Step III of the grievance process. (ECF Nos. 29, 31.) Farish asserts, without evidentiary support, that prison officials thwarted his attempts to exhaust. (ECF No. 31).

The undersigned concludes there are no genuine issues of material fact concerning Farish's failure to properly exhaust his claims. Accordingly, the undersigned respectfully recommends that the Court rule that Defendants are entitled to judgment as a matter of law, grant Defendants' motion for summary judgment, and dismiss the case.

## II.     Factual Allegations

Farish alleges that on October 30, 2020, COs Ware, Weems, and Mills sprayed chemical agents in his cell. (ECF No. 1, PageID.3.) He alleges that on the same day, the COs rushed his cell and choked him. (*Id.*) At some point during the incident, CO Ware held Farish down by the neck. (*Id.*) The next day, Farish requested to shower and to have his cell cleaned. CO Weems denied Farish's requests, and Farish was placed back in the cell where the chemical agents had been deployed. (*Id.*)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

---

[1] Disputed issues of fact regarding exhaustion under the PLRA may be decided in a bench trial and need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).

The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). Michigan Department of Corrections (MDOC) Policy Directive (P.D.) 03.02.130 (effective March 18, 2019) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.

A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all

that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

V. Analysis

Defendants moved for summary judgment on the basis that Farish did not pursue any relevant grievances through Step III of the grievance process. (ECF No. 29.) In his response, Farish conceded that he did not exhaust his claims. (ECF No. 31, PageID.117.) But Farish alleged that his efforts to exhaust were thwarted by prison officials. Specifically, Farish alleged that four days after the incident, he submitted a grievance to his Resident Unit Manager. (*Id.*) However, he never received a response. (*Id.*) Farish goes on to say that he sent letters to the Grievance Coordinator to no avail, and attempted to submit grievances through other staff, including Lieutenant Kosko. (*Id.*) However, he never received a response to these letters or grievances either. (*Id.*)

The only support that Farish cites is a notice (ECF No. 4) from the Clerk of Court indicating the receipt of a partially open and empty envelope from Farish. This, Farish says, shows that Defendants are trying to prevent him from asserting his claims in whatever manner they can. (ECF No. 31.) But, as Defendants point out,

5

none of Farish's filings in this case have been sworn or verified, and Farish does not point to evidence of thwarting in other forms. Moreover, the single docket entry referred to by Farish does not establish any wrongdoing on the part of Defendants. Because conclusory allegations set forth in unverified pleadings are insufficient to create a genuine issue of material fact, Farish's failure to exhaust is dispositive. *See Barfield v. Erdos*, No. 1:15-CV-696, 2017 WL 496086, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 1:15-CV-696, 2017 WL 1078745 (S.D. Ohio Mar. 22, 2017) (finding that allegations of thwarting contained in the plaintiff's unsworn filings were insufficient to create a genuine issue of fact).

## VI.  Recommendation

The undersigned concludes there are no genuine issues of material fact concerning Farish's failure to properly exhaust his claims. Accordingly, the undersigned respectfully recommends that the Court rule that Defendants are entitled to judgment as a matter of law, grant Defendants' motion for summary judgment, and dismiss the case.

Dated:  January 20, 2022        /s/ *Maarten Vermaat*
　　　　　　　　　　　　　　　　　　MAARTEN VERMAAT
　　　　　　　　　　　　　　　　　　U. S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).